**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Frank Todorich, | No. CV-20-01336-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Michelle H. Burns's Report and Recommendation ("R&R") (Doc. 15), recommending that the Court dismiss with prejudice Petitioner John Frank Todorich's Petition for Writ of Habeas Corpus (the "Petition"). (Docs. 1, 11.) The Court has reviewed the Petition (Doc. 1), Respondents' Answer (Doc. 9), the Amended Petition (Doc. 11), Petitioner's Reply to the Answer (Doc. 12), and the R&R (Doc. 15). No party has objected to the R&R. For the reasons expressed below, the Court accepts and adopts the R&R in its entirety.

**I.    BACKGROUND**

Pursuant to a plea agreement, on June 8, 2016, Petitioner was convicted in Maricopa County Superior Court of three counts of luring a minor for sexual exploitation, transporting persons for the purpose of prostitution, sexual conduct with a minor, child prostitution, attempt to commit child prostitution, and attempt to commit luring a minor for sexual exploitation. (Doc. 1 at 2.) Petitioner was sentenced to a 40-year term of imprisonment and lifetime community supervision. (*Id.* at 3.)

Petitioner, through counsel, filed a petition for post-conviction relief ("PCR") in the trial court on June 6, 2017. (*Id.* at 5.) Petitioner raised the following claims: (1) "Mr. Todorich was prejudiced when his counsel failed to give him the necessary information needed to make an informed decision whether to accept the October 2, 2015, plea," (2) [t]rial counsel was prejudicially ineffective when she failed to conduct any meaningful investigation into the facts of the case and failed to investigate mitigating factors to assist in Mr. Todorich's defense," and (3) "[t]he court must reinstate the October 2, 2015 plea because no *Donald* advisement took place." (Doc. 15 at 2.) The trial court summarily denied relief, finding the PCR petition failed to present a colorable claim for relief. (*Id.*)

Petitioner then raised the same claims in a petition for review to the Arizona Court of Appeals. (*Id.*) The Court of Appeals granted review but denied relief. (*Id.*) Petitioner's petition for review to the Arizona Supreme Court was summarily denied, and the mandate issued on August 6, 2019. (*Id.*)

On July 7, 2020, Petitioner filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1.) It asserts the following grounds for relief:

> (1) "Trial counsel deficiently performed during plea negotiations by failing to provide the Petitioner with necessary information to make an informed decision regarding the October 2, 2015 plea offer, and allow[ing] the plea deadline to expire" due to lack of communication;
>
> (2) "Trial counsel's animus toward the Petitioner inhibited her ability to effectively advocate on his behalf. As a result, counsel abrogated her duties of Competence and Diligence owed to the Petitioner and rendered ineffective assistance"; [and]
>
> (3) "Defense counsel was prejudicially ineffective by failing to conduct any meaningful investigation into possible mitigating factors to assist in the Petitioner's defense; and not maintain[ing] communication with the Petitioner or his private counsel, and allowing plea deadline to expire."

---

[1] The initial Petition was amended on October 14, 2020. It withdrew the fourth claim for relief, leaving three. (Docs. 10, 14.)

(Docs. 1, 11.) Magistrate Judge Burns issued the R&R on April 15, 2021. (Doc. 15.)

## II. LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, a federal district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews *de novo* those portions of an R&R specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection made to a Magistrate Judge's R&R requires "*specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b) (emphasis added).

## III. DISCUSSION

The R&R recommends that the Petition be denied. (Doc. 15.) It concludes that Petitioner's second ground is procedurally defaulted without an excuse, while grounds one and three are meritless. (*Id.*) The R&R also instructed the parties that they had 14 days within which to file an objection, and that failure to timely do so "may result in the acceptance of the [R&R] by the district court without further review." (*Id.*)

The parties did not timely file objections. Although it has no obligation to do so, the Court nonetheless has reviewed the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court agrees with Magistrate Judge Burns's R&R and adopts it in its entirety. Upon review, the Court also agrees with the R&R's recommendation to deny a certificate of appealability. (*Id.*)

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** adopting the Report and Recommendation. (Doc. 15.)

**IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus (Docs. 1, 11) and dismissing it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability and denying leave to proceed in forma pauperis on appeal.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 28th day of May, 2021.

Michael T. Liburdi
United States District Judge